UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEONARD COLE,                                        CASE NO.:

                    Plaintiff,

vs.

THE WENDY'S COMPANY d/b/a
WENDY'S,
                    Defendant.
_____

**DEFENDANT'S NOTICE OF REMOVAL TO
THE UNITED STATES DISTRICT COURT**

Defendant The Wendy's Company d/b/a Wendy's, pursuant to 28 U.S.C. §1332, §1441, and §1446, submits its Notice of Removal of this case from the Circuit Court of Pinellas County, Florida to the United States District Court for the Middle District of Florida. In support of this Notice of Removal, Defendant states as follows:

**PROCEDURAL BACKGROUND**

1. On or around July 28, 2020, Plaintiff Leonard Cole, filed his Complaint and Demand for Jury Trial in a civil action for money damages with the Circuit Court of Pinellas County, Florida, Case No. 20-003544-0 (the "State Action"), against Defendant.

2. Plaintiff alleges he fell and was injured while in a store owned by the Defendant. (Exhibit A, Complaint, ¶ 5).

3. In accordance with 28 U.S.C. § 1446(a), copies of the Summons, Complaint, and all other papers served upon Defendants or filed in the State Action are attached as Exhibit "A."

4. A copy of the Complaint was delivered to The Wendy's Company's registered agent on August 3, 2020.

5. This Notice of Removal is filed in the United States District Court for the Middle District of Florida, Tampa Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §§ 1332 and 1441(a).

6. This Notice is timely as it is being filed within thirty days of receipt by The Wendy's Company of Plaintiff's Complaint (see attached Return of Service as Exhibit "B"). *See* 28 U.S.C. § 1441(b) and 28 U.S.C. § 1446.

7. Promptly after the filing of this Notice, Defendant is filing a copy with the Clerk of the Circuit Court of Pinellas County, Florida as required by 28 U.S.C. § 1446(d).

## DIVERSITY OF THE PARTIES EXISTS

8. Plaintiff is a resident of the State of Florida. (Ex. A, Complaint, ¶ 3). See *McCormick v. Aderhold*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.")

9. Plaintiff concedes that the Defendant, The Wendy's Company is a foreign corporation. (Ex. A, Complaint, ¶ 4). Specifically, The Wendy's Company is a Delaware Corporation whose principal place of business in Ohio.

10. Therefore, for purposes of removal, Plaintiff and Defendant are citizens of different states.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

11. Plaintiff affirmatively states in the Complaint that his damages exceed Thirty Thousand Dollars. (Ex. A, Complaint, ¶ 1).

12. "If the jurisdictional requirement is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in

controversy at the time the case was removed. In considering the removal notice and evidence, the court is permitted to make reasonable deductions and inferences." *Ruscin v. Wal-Mart Stores, Inc.*, No. 8:13-CV-101-T-35TGW, 2013 WL 12157850, at *2 (M.D. Fla. July 16, 2013) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753 (11th Cir. 2010) (recognizing that a court will permit "the use of deduction, inference, or other extrapolation of the amount in controversy," when the amount in controversy is not apparent from the face of the complaint)) (denying Plaintiff's motion for remand). "[U]nder 28 U.S.C. § 1446(b), removal may be premised on either the plaintiffs initial pleading, such as a complaint, or a copy of an amended pleading, motion, order or other paper. If, however, removal is based on a document other than the plaintiff's initial pleading, this document must have been supplied by the plaintiff.… [I]n assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper— and determines whether that document and the notice of removal the removing documents unambiguously establish federal jurisdiction." *Sibilia v. Makita Corp.*, 674 F.Supp.2d 1290, 1292 (M.D. Fla. 2009), *citing Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1072 (11th Cir., 2000) (internal quotation marks omitted)

13. On July 28, 2020, Plaintiff, through his counsel, filed a Civil Cover Sheet in this action expressly stating that the alleged amount of his claim is one million dollars ($1,000,000.00). (Ex. C, Plaintiff's Civil Cover Sheet, Sec. II).

14. Further, Plaintiff's Complaint alleges Plaintiff "suffered bodily injury and resulting physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and

impairment of earning capacity and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of said injuries. The injuries to Plaintiff are either permanent or continuing in nature and Plaintiff will continue to suffer the losses in the future." (Ex. A, Complaint, ¶ 11).

15. Thus, given the alleged damages outlined in the Complaint and the express statement in the Civil Cover Sheet, the amount in controversy is in excess of $75,000.00.

16. The Wendy's Company denies it is liable to Plaintiff for any amount, but does not dispute that the amount in controversy exceeds $75,000.00.

## **CONCLUSION**

17. As authorized by 28 U.S.C. § 1441, removal is based on this Court's original jurisdiction under 28 U.S.C. § 1332, because diversity of citizenship exists between the Parties and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney fees.

18. The undersigned is serving a notice of the removal of this action on Plaintiff by serving his counsel with this Notice of Removal promptly after the filing of this Notice and is serving a copy of the Notice and all attachments thereto with the Clerk of the Circuit Court of Pinellas County, Florida.

19. The Wendy's Company has satisfied all procedural requirements with respect to timing, diversity of citizenship, and amount in controversy and removal to this Court is proper. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, Defendant respectfully requests that this case be entered upon the Docket of the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1441 and 1446.

Respectfully submitted,

*[signature: Nelson C. Bellido]*

Nelson C. Bellido, Esq. (Florida Bar No. 974048)
ROIG LAWYERS
44 W. Flagler Street, Suite 2100
Miami, FL 33130
(305) 405-0997
FAX: (305) 405-1022
Pleadings@RoigLawyers.com
nbellido@roiglawyers.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August, 24, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and sent a copy via regular US Mail, postage prepaid, and e-mail, to the following:

SAMANTHA REID, ESQ.
RUBENSTEIN LAW, P.A
9130 S. DADELAND BLVD., SUITE PH
MIAMI, FLORIDA 33156
TEL: (813) 327-4471
FAX: (813) 327-5032
sreid@rubensteinlaw.com
jperez@rubensteinlaw.com
eservice@rubensteinlaw.com
*Attorneys for Plaintiff*

_____
Nelson C. Bellido